IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3242-D

| | |
|---|---|
| ELDRIDGE EDGER HODGES,<br><br>          Plaintiff,<br><br>          v.<br><br>BETTY BROWN, and<br>REUBEN YOUNG,<br><br>          Defendants. | **ORDER** |

Eldridge Edger Hodges ("Hodges" or "plaintiff"), a state inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging violations of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq. [D.E. 1]. On December 10, 2013, the court granted in part defendants' motion for summary judgment and dismissed plaintiff's claim concerning work proscription days as moot [D.E. 32]. The court denied defendants' motion for summary judgment as to plaintiff's claims concerning a Kosher diet and inmate-led corporate worship, and denied plaintiff's motion for legal research materials and access to a photocopying machine. Id. The court also directed the parties to file responses indicating the need for any period of discovery, mediation, and proposed trial dates. Id.

The parties have filed responses which indicate that further discovery is warranted [D.E. 33, 34]. Hodges has also filed a motion for reconsideration of the court's denial of his motion for access to legal research materials [D.E. 35]. On January 7, 2014, the court directed defendants and North Carolina Prisoner Legal Services, Inc. ("NCPLS") to file responses to the motion for reconsideration [D.E. 36]. On January 30, 2014, Hodges renewed his motion for a preliminary injunction [D.E. 37],

to which defendants responded in opposition on February 17, 2014 [D.E. 42], and plaintiff replied on March 7, 2014 [D.E. 44]. On January 31, 2014, NCPLS filed a response to the court's order [D.E. 38]. On February 6, 2014, defendants filed a response to the court's order [D.E. 40] and a motion to deem that response timely filed [D.E. 39].[1] On February 19, 2014, Hodges filed a reply in further support of his motion for reconsideration [D.E. 43].

The court first addresses plaintiff's motion for a preliminary injunction. Hodges, who is incarcerated at Scotland Correctional Institution ("SCI"), seeks a court order "directing Defendants Keller and Brown, to begin immediately providing Plaintiff with a Kosher Meat diet meal (prepackaged) plan under a reliable seal such as the Orthodox Union – 'OU,' a core tenet of his faith, that will assure the integrity of the Kosher meal[s]" provided to him in light of alleged deficiencies in SCI's compliance with the Department of Public Safety's ("DPS") Kosher kitchen policy. Mot. Prelim. Inj. 1, 4–5 (footnote omitted). Defendants object and offer affidavits contending both that SCI complies with the DPS Kosher kitchen policy and that Hodges himself does not keep a purely Kosher diet in light of his purchases of non-Kosher foods from the SCI canteen [D.E. 42]. Hodges vigorously disputes these affidavits, contends "that things remain the same in the SCI kitchen regarding the Kosher diet meal program" and "asserts that he does not . . . consume any non-Kosher foods from the prison canteen, but uses such items in trade to purchase U.S. Postage Stamps at a reduced price." Pl.'s Reply Supp. Mot. Prelim. Inj. [D.E. 44] 9, 14 & Exs. A, B, D [D.E. 44-1] 1–6, 13–19 (affidavits).

The substantive standard for entering a preliminary injunction is the same as that for granting a temporary restraining order. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction

---

[1] The court grants defendants' motion.

if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Hodges has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Hodges has failed to meet his burden of proof. Accordingly, the court denies the motion for a preliminary injunction.

As for Hodges's motion for reconsideration, Federal Rule of Civil Procedure 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Id.

3

Hodges seeks reconsideration of the court's denial of his motion for legal research materials and access to a photocopying machine, along with other forms of assistance in working on his case, based on his family's inability to provide him with further assistance in this regard. Mot. Reconsider [D.E. 35] 4–11. Hodges further offers to make "monthly payments . . . from his prison account to DPS for the use of the aids requested herein." Id. at 10.

NCPLS's response indicates that it does not "provid[e] inmates with copies of case law or perform[] inmate-directed legal research," is currently representing other inmates in a case in this district "which raises issues similar to those encountered in this case,"[2] and "is unable to provide access to research materials or otherwise assist Plaintiff with this case" in light of "a significant cut in . . . funding" and a subsequent change to its "contract [which] allows for very limited work in prisoner civil rights cases." NCPLS Resp. Mot. Recons. [D.E. 38] 2. Defendants object to Hodges's motion on the grounds that "Plaintiff's right to access to the Court does not extend to a right to access the internet to conduct legal research" and prison security "restrictions do not allow Plaintiff [or any inmate] to have access to computers, the internet, photocopiers, and private legal research rooms, areas, desks, and materials." Defs.' Resp. Opp'n Mot. Recons. [D.E. 40] 2. However, defendants acknowledge that DPS's security restrictions permit Hodges "to possess legal research documents and . . . legal files, . . . . [to] confer[] with NCPLS per their representation contract . . .

---

[2] NCPLS is referring to Scott v. Keller, No. 5:11-CT-3009-FL (E.D.N.C.), a case in which it asserts that DPS has violated the First Amendment and the RLUIPA by denying two Messianic Jewish inmates "access to kosher meals, the opportunity to participate in the corporate observation of holy days, and the opportunity to participate in corporate worship services on the Sabbath, all of which are necessary to the practice of his religion." Id., [D.E. 58] 1 (amended complaint). Hodges objects to NCPLS's reliance on this case because one of the plaintiffs has taken a voluntary dismissal of his claims in light of his release from prison. Pl.'s Reply Supp. Mot. Recons. [D.E. 43] 4. But the other inmate remains a plaintiff in that case, and the defendants in that case anticipate filing a motion for summary judgment. See, e.g., Scott, No. 5:11-CT-3009-FL, [D.E. 99] (motion for extension of time).

and [to] conduct[] legal research (including discovery) by means of writing and reading and filing written documents with the Court." Id.

Notably, even after Hodges asserted a change in circumstances which purportedly precludes him from further making photocopies of filings, Hodges has still presented substantial volumes of materials to the court in amply presenting his case. See, e.g., [D.E. 43-1] (copy of NCPLS newsletter article); [D.E. 44-1] (22 pages of exhibits including a copy of DPS policy on Judaism). However, the court grants plaintiff's motion in part. So that he may avoid making photocopies of his filings for service on defendants, Hodges may instead rely on the court's electronic filing system to serve defendants with a copy of his future filings in this action. The court further directs defendants to serve Hodges with copies of any cases they cite in future filings, and directs NCPLS to provide plaintiff with a copy of the memorandum of law that NCPLS files in Scott v. Keller.

In sum, the court GRANTS defendants' motion for leave to file [D.E. 39] and DENIES plaintiff's motion for a preliminary injunction [D.E. 37]. The court GRANTS IN PART plaintiff's motion for reconsideration [D.E. 35], PERMITS plaintiff to rely on the court's electronic filing system for service of future filings on defendants in this action, and DIRECTS defendants to serve plaintiff with copies of any cases they cite to in future filings, and NCPLS to provide plaintiff with a copy of any memorandum of law that NCPLS files in Scott v. Keller.[3] Finally, the court REFERS this matter to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order to include a brief period for discovery. The court warns the parties that any extensions of the deadlines in the scheduling order will be disfavored absent exceptional circumstances. It is time to move this long-pending case to resolution.

---

[3] The clerk shall serve NCPLS with a copy of this order.

5

SO ORDERED. This **31** day of March 2014.

                                                   JAMES C. DEVER III
                                                   Chief United States District Judge