IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3242-D

ELDRIDGE EDGER HODGES,

    Plaintiff,

v.

BETTY BROWN, and
FRANK PERRY,

    Defendants.

**ORDER**

Eldridge Edger Hodges ("Hodges" or "plaintiff"), a state inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging violations of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. [D.E. 1]. On February 20, 2015, the court granted in part defendants' motion for summary judgment, dismissed plaintiff's claims concerning a kosher diet, and scheduled the remaining claims concerning corporate worship for trial [D.E. 64]. On March 19, 2015, the court held a pre-trial conference with the parties, at which the defendants informed the court that the Religious Services Policy and Manual for the North Carolina Department of Public Safety ("NCDPS") were currently being revised to address Hodges's remaining claims. Both parties agreed that this proposed change would render the case moot. On the same date, and in accordance with the discussion at the pre-trial conference, the defendants filed an affidavit by George Solomon, the Director of Prisons for NCDPS, who affirmed that the Religious Services Policy and the Religious Practices Resource Guide and Reference Manual were "currently being revised to allow for inmate faith helpers" for all approved non-Christian faith practices and estimated that the it "should take no longer than 90 days to revise, adopt, and implement the policy."

Solomon Aff. [D.E. 82] ¶¶ 18, 24. On March 20, 2015, the court denied several motions, dismissed the action as moot, and cancelled the bench trial [D.E. 83].

On April 10, 2015, Hodges filed a notice of appeal [D.E. 86] and a motion for reconsideration [D.E. 88]. On April 29, 2015, defendants responded in opposition to Hodges's motion for reconsideration [D.E. 91]. On June 3, 2015, Hodges filed a motion for a transcript of the March 19, 2015 pretrial conference [D.E. 100]. On July 6, 2015, Hodges filed a motion for issuance of contempt citations, sanctions, and enforcement of the stipulated agreement [D.E. 104]. In that motion, Hodges claimed that the 90-day window had past and that defendants still had not implemented the proposed changes to the Religious Services Policy and the Religious Practices Resource Guide and Reference Manual. See [D.E. 104]. On July 13, 2015, the court directed defendants to respond to Hodges's motion for sanctions and to address the status of the proposed policy changes [D.E. 105].

On July 23, 2015, defendants responded in opposition to the motion for sanctions [D.E. 107], and filed a second affidavit by Director Solomon [D.E. 108]. In the affidavit, Director Solomon affirmed that "[o]n 7 July 2015, [he] signed the final revision of the revised policy," and that "[t]he policy was transmitted to DOP's facilities for review and implementation by the facilities." [D.E. 108] ¶¶ 7, 9.

As for Hodges's motion for reconsideration, Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in

2

controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotations omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Hodges has not cited any recent change in controlling law. To the extent Hodges claims that defendants' failure to institute the policy changes in the 90-day window constitutes "new evidence," the court rejects the argument in light of Director Solomon's affirmation that the proposed policy changes are now in place. Given that the policy has now been officially updated, the court sees no need to alter or amend the judgment. Moreover, the court has thoroughly considered the arguments Hodges made regarding the timeline for instituting inmate faith helpers at Scotland Correctional Institution in light of its recollection of the representations by the parties at the pretrial conference, and does not find any clear error meriting an alteration or amendment to the judgment. Thus, the court denies Hodges's motion.

Alternatively, to the extent Hodges seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, the motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule

3

60(b).") Gray, 1 F.3d at 266. Hodges has failed to establish the threshold requirements. Hodges has not shown that he has a meritorious claim or defense because Hodges cannot show, in light of defendants' implementation of the policy changes, that "granting the relief will not in the end have been a futile gesture." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) (per curiam). Thus, Hodges fails to meet Rule 60(b)'s standard for relief.

As for Hodges's motion for a transcript of the March 19, 2015 order, the motion is moot in light of the court's disposition on the motion for reconsideration. If Hodges pursues his appeal of the court's March 20, 2015 order, he may apply to the United States Court of Appeals for the Fourth Circuit for a transcript of the hearing. See 28 U.S.C. § 753(f); see, e.g., Barton v. Johnson, 582 F. App'x 185, 186 (4th Cir. 2014) (per curiam) (unpublished). Thus, this court denies the motion for a transcript.

As for Hodges's motion for contempt sanctions, the court has considered the record and finds that sanctions are unwarranted. See, e.g., Fed. R. Civ. P. 70; Analytical Eng'g, Inc. v. Baldwin Filters, Inc., 425 F.3d 443, 449–51 (7th Cir. 2005); Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000); Ind. Lumbermens Mut. Ins. Co. v. Info. Sys., Inc., 83 F.3d 415, 1996 WL 217890, at *4 (4th Cir. 1996) (per curiam) (unpublished table decision).

In sum, the court DENIES the pending motions [D.E. 88, 100, 104].

SO ORDERED. This _28_ day of July 2015.

JAMES C. DEVER III
Chief United States District Judge